IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 4:17cv624-BRW |
| v. | ) ) | COMPLAINT |
| R WINGS R WILD, LLC d/b/a BUFFALO WILD WINGS, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | This case assigned to District Judge Wilson and to Magistrate Judge Clerk |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to David Golden and other male applicants. As alleged with greater particularity in the paragraphs below, R Wings R Wild, LLC d/b/a Buffalo Wild Wings failed to hire David Golden and a class of other male applicants as bafrtenders, because of their sex, male, from January of 2014 to present.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3 "Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Arkansas, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant R Wings R Wild, LLC d/b/a Buffalo Wild Wings ("Defendant Employer") has continuously been doing business as a limited liability corporation in the State of Arkansas and the City of Little Rock and has continuously had at least 15 employees. Defendant Employer has several locations in both Arkansas and Oklahoma.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCESS

6. More than thirty days prior to the institution of this lawsuit, David Golden filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. On June 20, 2017, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

10. On August 18, 2017, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS OF DAVID GOLDEN

12. Since at least July of 2014, Defendant Employer has engaged in unlawful employment practices at its Little Rock, Arkansas location in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e). The unlawful practice includes failing to hire David Golden (Golden) as a bartender because of his sex, male.

   a. On or about July 20, 2014, Golden saw an advertisement on Craig's List in which Defendant Employer solicited applicants for bartender positions.

   b. On or about July 22, 2017, Golden reported to Defendant Employer's Little Rock, Arkansas location to apply for the bartender position.

   c. Golden provided Defendant Employer with his resume indicating he had previous bartending experience, and he also completed an application.

   d. A manager interviewed Golden this same day, with a manager trainee also in attendance during the interview.

   e. At some point during the interview, the manager told Golden that Defendant Employer wanted to hire a female bartender because there was already a male bartender at this

location. The manager told Golden that Defendant Employer' practice/policy was to have only one male bartender at a time at its locations.

 f. Defendant Employer did not hire Golden and hired a female into the bartending position.

 13. The effect of the practices complained of in Paragraph 12 above has been to deprive Golden of equal employment opportunities and otherwise adversely affect his status as an applicant for employment because of his sex, male.

 14. The unlawful employment practices complained of in Paragraph 12 above were and are intentional.

 15. The unlawful employment practices complained of in Paragraphs 12 above were and are done with malice or with reckless indifference to the federally protected rights of Golden.

## STATEMENT OF CLAIMS OF OTHER MALE CLASS MEMBERS

 16. Since at least January of 2014, Defendant Employer has engaged in unlawful employment practices at its locations in Arkansas and Oklahoma in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e). The unlawful practice includes failing to hire qualified males into bartending position because of their sex, male.

 a. Between the dates of February 2, 2014 through April of 2015, Defendant Employer failed to hire at least nine other male applicants who applied for bartending positions at its Arkansas and Oklahoma locations.

 b. All of the males referenced in this action had previous bartending experience.

 c. All of the males referenced in this action applied between the dates of February 2, 2014 through April of 2015.

d. Based on information and belief, Defendant Employer hired females into its open bartending positions for which the nine males applied.

e. At least half of Defendant Employer's locations in Arkansas and Oklahoma never employed a male bartender between the dates of February 2, 2014 through April 15, 2015.

17. The effect of the practices complained of in Paragraph 16 above has been to deprive other males of equal employment opportunities and otherwise adversely affect their status as applicants for employment because of their sex, male.

18. The unlawful employment practices complained of in Paragraph 16 above were and are intentional.

19. The unlawful employment practices complained of in Paragraphs 16 above were and are done with malice or with reckless indifference to the federally protected rights of a class of male applicants.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from failing to hire males into bartending positions.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for Golden and a class of male applicants and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Golden and a class of male applicants by providing appropriate backpay with prejudgment interest in amounts to be determined at trial

and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement, or alternatively awarding them front pay.

D.   Order Defendant Employer to make whole Golden and a class of male applicants by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 12 and 16 above, including relocating expenses and job search expenses, in amounts to be determined at trial.

E.   Order Defendant Employer, to make whole Golden and a class of male applicants by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 12 and 16 above, including emotional pain and suffering, humiliation, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

F.   Order Defendant Employer to pay Golden and a class of male applicants punitive damages for its malicious and reckless conduct, as described in Paragraphs 12 and 16 above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**JAMES L. LEE**
Acting General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*Faye A. Williams by PBD*
_____
**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730

*Gerald L. Thornton by PBD*
_____
**GERALD L. THORNTON**
Supervisory Trial Attorney
Tennessee Bar No. 15898

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Memphis District Office
1407 Union Avenue, Suite 901
Memphis, TN 38104
(901) 544-0088


*Pamela B. Dixon*
_____
**PAMELA B. DIXON**
Senior Trial Attorney
Arkansas Bar No. 95085

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Little Rock Area Office
820 Louisiana Street, Ste. 200
Little Rock, AR 72201
(501) 324-5065
pamela.dixon@eeoc.gov

7