# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| Plaintiff, | § § |
| v. | § § |
| R WINGS R WILD, LLC d/b/a BUFFALO WILD WINGS, | § § § § |
| Defendant. | § |

Case No. 4:17cv624-BRW

Judge Billy Roy Wilson

Magistrate Judge Beth Deere

JURY DEMANDED

## DEFENDANT'S ORIGINAL ANSWER AND DEFENSES

Defendant R Wings R Wild, LLC d/b/a Buffalo Wild Wings ("Defendant") files its Original Answer and Defenses to the Nature of the Action filed by Plaintiff Equal Employment Opportunity Commission ("Plaintiff"), as follows:

### I.
### DEFENDANT'S ANSWER

### NATURE OF THE ACTION

Defendant acknowledges Plaintiff purports to bring a claim under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 on the basis of sex discrimination and to provide relief to David Golden and other male applicants, but denies engaging in any unlawful conduct or incurring any liability from its employment practices. Defendant denies all remaining allegations contained in the opening paragraph.

## JURISDICTION AND VENUE

1. Defendant does not need to admit or deny the allegations contained in paragraph 1 because they are legal conclusions, and therefore denies same.

2. Defendant does not need to admit or deny the allegations contained in paragraph 2 because they are legal conclusions, and therefore denies same.

## PARTIES

3. Defendant does not need to admit or deny the allegations contained in paragraph 3 because they are legal conclusions, and therefore denies same.

4. Defendant does not need to admit or deny the allegations contained in paragraph 4 because they are legal conclusions, and therefore denies same.

5. Defendant does not need to admit or deny the allegations contained in paragraph 5 because they are legal conclusions, and therefore denies same.

## ADMINISTRATIVE PROCESS

6. Defendant is without information sufficient to form a belief of the truth or falsity of the allegations contained in paragraph 6, and therefore denies same.

7. Defendant admits the EEOC issued a Letter of Determination finding reasonable cause to believe that Title VII was violated, and that the EEOC invited Defendant to join in informal methods of conciliation, but it denies the EEOC's decision was meritorious, the EEOC engaged in substantial informal methods of conciliation with an effort to resolve this dispute in good faith, or that the EEOC had any bases for adding class claims on behalf of other male bartender applicants to Golden's individual charge of discrimination. Defendant denies all remaining allegations contained in paragraph 7.

8. Defendant admits Plaintiff engaged in communications with Defendant, but denies engaging in any unlawful or discriminatory practices. Defendant denies all remaining allegations contained in paragraph 8.

9. Defendant is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 9, and therefore denies same.

10. Defendant admits Plaintiff issued a Notice of Failure of Conciliation, but does not have information sufficient to form an opinion as to the date Plaintiff sent such Notice, and therefore denies same. Defendant denies all remaining allegations contained in paragraph 10.

11. Defendant does not need to admit or deny the allegations contained in paragraph 11 because they are legal conclusions, and therefore denies same.

### STATEMENT OF CLAIMS OF DAVID GOLDEN

12. Defendant denies the allegations contained in paragraph 12.

   a. Defendant is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 12(a), and therefore denies same.

   b. Defendant admits Golden applied for a bartender position at its location, but is without information sufficient to form an opinion as to the date he applied for the position, and therefore denies same. Defendant denies all remaining allegations contained in paragraph 12(b).

   c. Defendant is without information sufficient to form an opinion as to the truth or falsity of the allegations contained in paragraph 12(c), and therefore denies same.

   d. Defendant admits one of its managers interviewed Golden, but is without information sufficient to form an opinion as to the truth or falsity of the remaining allegations in paragraph 12(d), and therefore denies same.

    e.    Defendant denies the allegations contained in paragraph 12(e).

    f.    Defendant admits it did not hire Golden, but is without information sufficient to form an opinion as to the truth or falsity of all remaining allegations contained in paragraph 12(f), and therefore denies same.

13.    Defendant denies the allegations contained in paragraph 13.

14.    Defendant denies the allegations contained in paragraph 14.

15.    Defendant denies the allegations contained in paragraph 15.

**STATEMENT OF CLAIMS OF OTHER MALE CLASS MEMBERS[1]**

16.    Defendant denies the allegations contained in paragraph 16.

    a.    Defendant denies the allegations contained in paragraph 16(a).

    b.    Defendant denies the allegations contained in paragraph 16(b).

    c.    Defendant denies the allegations contained in paragraph 16(c).

    d.    Defendant denies the allegations contained in paragraph 16(d).

    e.    Defendant denies the allegations contained in paragraph 16(e).

17.    Defendant denies the allegations contained in paragraph 17.

18.    Defendant denies the allegations contained in paragraph 18.

19.    Defendant denies the allegations contained in paragraph 19.

**PRAYER FOR RELIEF**

Defendant does not need to admit or deny the allegations and claims in the "prayer for relief," but denies engaging in any unlawful conduct, or that Plaintiff, Golden, or any male

---

[1] On November 27, 2017, Defendant filed a Motion to Dismiss or Strike Plaintiff's Class Claims. The Motion did not move for a complete dismissal or striking of all claims, so Defendant files this answer to address and respond to the remaining non-class claims and any class-related claims the Court does not dismiss or strike, without waiving its arguments in the Motion.

applicants are entitled to any of the relief Plaintiff requests in subparagraphs (A) – (H), or any other relief Plaintiff seeks hereunder.

## JURY DEMAND

Defendant does not need to admit or deny the paragraph seeking a jury trial.

## II.
## DEFENSES

1.    Plaintiff fails to state a claim upon which relief can be granted, because it cannot bring class claims on behalf of this purported class of male bartender applicants, as Golden's EEOC charge does not allege class claims, the EEOC failed to identify any purported class of Plaintiffs and the purported class of Plaintiffs failed to exhaust their administrative remedies.

2.    Plaintiff fails to state a claim upon which relief can be granted, because it failed to allege any of the required elements necessary to bring a class action lawsuit.

3.    The purported class of Plaintiffs are barred from pursuing their claims because they failed to initiate legal action within the prescribed statute of limitations.

4.    The purported class of plaintiffs is not so numerous that joinder of all members is impracticable.

5.    There are not questions of law or fact common to the class of Plaintiffs.

6.    The claims or defenses of the representative parties are not typical of the claims or defenses of the class of Plaintiffs.

7.    The representative party will not fairly and adequately protect the interests of the purported class of Plaintiffs.

8. Prosecuting separate actions by individual class members would not create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

9. Prosecuting separate actions by individual class members would not create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, nor would it substantially impair or impede their ability to protect their interests.

10. Defendant has not acted or refused to act on grounds that apply generally to the class, so final injunctive relief or corresponding declaratory relief is not appropriate respecting the class as a whole.

11. The questions of law or fact common to the purported class of Plaintiffs do not predominate over any questions affecting only individual members, and a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.

12. Defendant denies it engaged in any wrongful conduct or had any discriminatory motive with respect to the hiring decision of Golden or any male bartender applicants, and Defendant made its hiring decisions based upon legitimate, non-discriminatory and lawful reasons, independent of any alleged wrongful or illegal motivation.

13. Defendant made and continues to make all hiring decisions based upon legitimate, non-discriminatory reasons.

14. Although Defendant adamantly denies sex played any factor in its decision not to hire Golden or any other male applicants for the bartender position upon whose behalf Plaintiff purports to sue, 42 U.S.C. § 2000e-5(g)(2)(B) limits the available remedies to Plaintiff, Golden, and the putative class members.

15. 42 U.S.C. § 2000e-5(e)(1) bars Plaintiff, Golden, or any of the putative class of Plaintiffs from alleging claims for relief of any conduct that occurred more than 300 days prior to the filing of their respective charges of discrimination.

16. Plaintiff's claims for punitive damages are barred by Defendant's good faith efforts to comply with applicable law.

17. Plaintiff, Golden, and the putative class of Plaintiffs failed to mitigate their purported damages; or, to the extent they did, any alleged damages should be reduced by such mitigation.

18. 42 U.S.C. § 1981a(b)(3) limits the amount of compensatory and putative damages Plaintiff seeks on behalf of Golden and the putative class of Plaintiffs.

19. Neither Plaintiff, Golden, nor the putative class of Plaintiffs is entitled to an award of attorneys' fees, and therefore cannot recover an award of attorneys' fees.

20. Defendant asserts the affirmative defense of after-acquired evidence as it pertains to Golden and any of the putative class of Plaintiffs.

21. Defendant did not knowingly or with malice or reckless indifference violate any federally protected rights of Golden or the putative class of Plaintiffs.

22. Defendant reserves the right to assert additional defenses that become apparent throughout the development of the case.

WHEREFORE, Defendant R Wings R Wild, LLC d/b/a Buffalo Wild Wings prays the Court dismiss the Complaint of Plaintiff Equal Employment Opportunity Commission for the reasons set forth herein, and that Defendant recover its costs and expenses incurred herein, as well as all other relief at law or equity to which Defendant may be entitled.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By: */s/ Jay M. Wallace*
Jay M. Wallace (admitted *pro hac vice*)
Texas State Bar No. 20769200
jwallace@bellnunnally.com
Alana K. Ackels (admitted *pro hac vice*)
Texas State Bar No. 24066760
aackels@bellnunnally.com
Brent D. Hockaday (admitted *pro hac vice*)
Texas State Bar No. 24071295
bhockaday@bellnunnally.com
3232 McKinney Ave., Suite 1400
Dallas, TX 75204-2429
Tel: (214) 740-1400
Fax: (214) 740-1499

**AND**

David D. Wilson
Arkansas Bar No. 90112
wilson@fridayfirm.com
Friday Eldredge & Clark LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
Tel: (501) 370-1564
Fax: (501) 244-5380

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies a true and correct copy of the above and foregoing pleading was served upon the person listed below in the manner indicated on this the 27th day of November 2017.

**VIA ECF**

Pamela B. Dixon
Equal Employment Opportunity Commission
Little Rock Area Office
820 Louisiana Street, Suite 200
Little Rock, AR 72201

**VIA ECF**

David D. Wilson
Arkansas Bar No. 90112
Friday Eldredge & Clark LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201

**VIA ECF**

Faye A. Williams
Gerald L. Thornton
Equal Employment Opportunity Commission
Memphis District Office
1407 Union Avenue, Suite 901
Memphis, TN 38104

*/s/Jay M. Wallace*
Jay M. Wallace